UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                               :

YESID RIOS SUAREZ,                        :

                         :

                       Plaintiff,    :

                         :

             - against -       :             17-CV-133 (VSB) (SDA)

                         :

UNITED STATES OF AMERICA,    :         **OPINION & ORDER**

                         :

                   Defendant.  :

                         :
------------------------------------------------------------X

Appearances:

Yesid Rios Suarez
U.S. Penitentiary – McCreary
Pine Knot, New York
*Pro Se Plaintiff*

Jeffrey Coffman
United States Attorney's Office for the Southern District of New York
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Before me is the motion filed by Yesid Rios Suarez ("Plaintiff") for reconsideration of my Opinion & Order adopting the Report and Recommendation from Magistrate Judge Stewart D. Aaron.  (Doc. 39.)  I find Plaintiff's objections improper, because he does not address Judge Aaron's report but instead raises a new argument.  Consequently, Plaintiff's objections are OVERRULED and the Report and Recommendation is ADOPTED.

      **I.**    **Factual Background and Procedural History**

       I assume familiarity with the background of Petitioner's criminal case, including his indictment, arrest, extradition, guilty plea, and sentencing, as set forth in the Report and

Recommendation issued by Judge Aaron on June 3, 2019 ("Report and Recommendation," "Report," or "R&R"). (Doc. 35, at 1–7.)

On January 6, 2017, Petitioner Suarez filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 1.) By Opinion & Order dated November 27, 2017, Judge Forrest denied the motion sua sponte. (Doc. 6). On January 29, 2018, Suarez filed a notice of appeal and request for certificate of appealability. (Doc. 7). Judge Forrest declined to issue a certificate of appealability in an Opinion & Order dated February 5, 2018. (Doc. 8). On May 31, 2018, the Second Circuit issued an order vacating Judge Forrest's November 27, 2017 Opinion & Order to the extent that it sua sponte denied Suarez's ineffective assistance of counsel claim and remanding in part for the court to further consider that claim "after securing a response from the Government and affidavits from Appellant's attorneys." (Doc. 11.)

On September 19, 2018, the case was reassigned to me. On January 7, 2019, Petitioner filed a motion challenging subject matter jurisdiction. (Doc. 32.) On March 4, 2019, I referred the action to Magistrate Judge Stewart D. Aaron for a report and recommendation on Petitioner's § 2255 motion. (Doc. 33). On April 17, 2019, Judge Aaron entered an Order stating that he would consider Petitioner's subject matter jurisdiction motion in connection with the § 2255 motion. (Doc. 34.) On June 3, 2019, Judge Aaron issued the Report and Recommendation denying both of Plaintiff's motions. (Doc. 35.)

On June 27, 2019, I granted Plaintiff's letter-motion for extension of time to file objections to the Report and Recommendation by July 29, 2019. (Doc. 37.) I did not receive any objections from Plaintiff thereafter. On February 26, 2020, I issued an Opinion & Order adopting the Report & Recommendation in its entirety. (Doc. 38 ("Feb. Order").)

On March 16, 2020, Petitioner filed the instant motion for reconsideration of my Opinion

& Order adopting Judge Aaron's Report.  (Doc. 39, at 1–2 ("Motion").)[1]  Petitioner alleges that

he filed his objections to the Report on July 18, 2019 with the assistance of a fellow inmate.

(Motion ¶ 3.)  Although the objections, which are attached to the Motion, (Doc. 39, at 4–13

("Objections")), were dated July 17, 2019, the certificate of service was not dated, (Objections

10).[2]  The Government indicates that it has no record of having received the Objections.  (Doc.

41.)

## II.      Legal Standards

### A.      *Motion for Reconsideration*

The standard for a motion for reconsideration "is strict, and reconsideration will generally

be denied unless the moving party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion

for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an

opportunity for making new arguments that could have been previously advanced." *Associated

Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  A motion for

reconsideration must be denied if the moving party "merely offers substantially the same

arguments he offered on the original motion." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500

(S.D.N.Y. 2008).

The decision of whether to grant or deny a motion for reconsideration is "within 'the

sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF),

---

[1] Page numbers referred to in Doc. 39, except those in "Objections," *see infra* n.2, are the numbers generated by the Court's electronic filing system.

[2] The page numbers referred to in Objections are the original numbers from the document, instead of the numbers generated by the Court's electronic filing system.

3

2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61

(2d Cir. 2009)).  Generally, a party seeking reconsideration must show either "an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear error or

prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,

729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956

F.2d 1245, 1255 (2d Cir. 1992)).

### B.    *Adopting an Objected R&R*

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  When a party submits

a timely, specific objection, a district court reviews de novo the parts of the report and

recommendation to which the party objected.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).  The

objection "must be specific and clearly aimed at particular findings in the magistrate judge's

proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

With regard to a report and recommendation that is not objected to, or the unobjected-to portions

of a report and recommendation, a district court reviews the report and recommendation, or the

unobjected-to portion thereof, for clear error.  *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d

333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v.

United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  Further, when a party

makes only conclusory or general objections, or simply reiterates the original arguments, the

court will review the report and recommendation for clear error.  *See Pearson–Fraser v. Bell

Atl.*, No. 01-CV-2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).  Under the clear error

standard of review, "so long as there is a basis in the evidence for a challenged inference, [the

court] do[es] not question whether a different inference was available or more likely." *United*

*States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

## III.    Discussion

Here, even if I consider Petitioner's objections to the Report and Recommendation as timely, the objections do not convince me that Judge Aaron's "thorough and well-reasoned" Report and Recommendation should be rejected.  (Feb. Order 2.)  The crux of Petitioner's argument is that he received ineffective assistance of counsel because John Meringolo, Petitioner's attorney appointed pursuant to the Criminal Justice Act, "never brought to the immediate attention of the Court[] that the extradition agreement itself imposed strict restrictions upon" his sentencing.  (Objections 3.)  This argument does not attack any specific finding of Judge Aaron's, but instead is a new argument raised for the first time before me.  "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."  *See Packard v. City of New York*, 15 Civ. 7130 (AT) (SDA), 2020 WL 1467127, at *2 (S.D.N.Y. Mar. 25, 2020); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("[A] district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate[.]").  Therefore, under Petitioner's objections, Judge Aaron's Report is reviewed for clear error.  *See Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger de novo review.").  Accordingly, there is no basis for me to revisit my finding in my Opinion & Order dated February 26, 2020, where I already reviewed the Report for clear error, and found none.  (Feb. Order 2).

As noted, the substantive ruling in Judge Aaron's Report was "thorough and well-reasoned." (*Id*.) "A defendant seeking to overturn a conviction on the grounds of ineffective assistance of counsel . . . must demonstrate both (1) that counsel's performance was [] unreasonable under prevailing professional norms that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment; and (2) that counsel's ineffectiveness prejudiced the defendant such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)) (internal quotation marks omitted). Judge Aaron found that Meringolo's performance did not fall below an objective standard of reasonableness under *Strickland*; the finding was based on Meringolo's affidavits and sentencing submissions, as well as Petitioner's declaration that contradicts his own allegation, all of which demonstrated that Meringolo provided Plaintiff with sound legal advice. (R&R 13–15.) Judge Aaron also found that Petitioner failed to show prejudice because he was "made fully aware at his plea allocution of the nature and consequences of his plea" and provided no "objective evidence to support his assertion that, if he had known that his understanding regarding the impact of the extradition agreement was incorrect, he would not have pled guilty and would have insisted on going to trial," noting specifically that Petitioner never sought to withdraw his guilty plea. (R&R 15–17.) I do not find the reasoning or the finding to be in clear error.

Even reviewing the issue raised by Petitioner de novo, his argument still fails. The record is clear that both Judge Forrest and the Government were fully aware of the existence of the extradition agreement and the restrictions it might impose. (*See, e.g.,* Plea Hr'g Tr. at 4:3-9 (Government during the plea hearing stating that "[p]ursuant to the extradition order . . . the

government is restricted from seeking a sentence of life against the defendant"); 23:10-22 (Judge

Forrest asking Petitioner "do you understand that while the government may not, pursuant to

treaty, seek a life sentence for you, that does not prevent the Court from imposing a life sentence

on you" and that "the Court has the discretion to determine any sentence that is at least at a

statutory minimum but at or below life").)[3]  Although Judge Forrest's or the Government's

understanding of the restrictions imposed by the extradition agreement might have been different

from Petitioner's, the record shows that Meringolo made diligent efforts to convince Judge

Forrest to abide by Petitioner's interpretation of the extradition agreement.  Specifically,

Meringolo "research[ed] the life expectancy of a male of [Petitioner's] age at the time of

sentencing [and argued] to the Court that, based on [Petitioner's] life expectancy, a sentence

substantially below the Guidelines range found in the [Pre-Sentence Report] would be

appropriate."  (Doc. 24 ¶ 8.)  Further, during the plea hearing, Judge Forrest specifically asked

Petitioner whether he "had an adequate opportunity to discuss [his] case with [Meringolo] and

any defenses that [he] may have to the case, and the consequences that could flow from entering

a guilty plea," and whether he was "satisfied with the legal counsel that [Meringolo and his

associate] ha[d] provided;" to both questions Petitioner answered "yes."  (Plea Hr'g Tr. 13:18-

14:14.)  To argue now that Meringolo "never brought to the immediate attention of the Court,

that the extradition agreement itself imposed strict restrictions upon" Petitioner's sentencing

contradicts the overwhelming evidence.  (*See also* R&R 15–16 ("Suarez's contention that

Meringolo misinformed him about his sentencing exposure cannot be reconciled with the

statements that he made to the Court at the time of his guilty plea.")[4]

---

[3] "Plea Hr'g Tr." refers to the transcript for Petitioner's plea hearing.  (Doc. 25-3.)

[4] Petitioner further asks me to take as true his allegation that "Meringolo telling him to not accept the offer [sic] because the extradition agreement documents would in fact limit his sentence exposure to possibly less than 168-120 months the govt. offered."  (Objections 2.)  I have no obligation to take Petitioner's allegations as true.  Instead,

The rest of Plaintiff's arguments are based on his allegation that Judge Forrest and the Government violated the extradition agreement.  He argues that under the extradition agreement, "the government and the Court, would . . . be precluded from using any offense conduct prior to Dec. 17, 1997."  (Objections 3.)  Petitioner did not raise this argument before Judge Aaron, and cannot raise it now.  *See Packard*, 2020 WL 1467127, at *2.  In any event, this argument, together with the argument that Judge Forrest and the Government violated the extradition agreement's prohibition on life imprisonment by imposing a term of 648 months on him, (Objections 3), does not impact his ineffective assistance of counsel claim.  As Judge Aaron pointed out, "both the Government and the Court fulfilled their obligation pursuant to the [extradition agreement] in that the Government did not seek, and the Court did not impose, a life sentence."  (R&R 14 (citing *United States v. Lopez-Imitalo*, 305 F. App'x 818, 819 (2d Cir. 2009) ("Had the respective governments intended the Diplomatic Note to be an assurance that the U.S. government would not request a determinate sentence exceeding [defendant's] expected lifespan, they could have drafted the note to say that.")).)  Moreover, the Second Circuit has made clear that Petitioner would not have had standing to challenge his sentence for violation of the extradition agreement unless the Government of Colombia first makes an official protest. *See United States v. Suarez*, 791 F.3d 363, 367 (2d Cir. 2015).

Further, Petitioner challenges Judge Aaron's finding that Meringolo did not provide ineffective assistance by failing to advise Petitioner that there was no parole or other opportunity for early release because Petitioner failed to show prejudice, (*see* R&R 19–20.)  Petitioner's only objection to this finding is that "[i]t is . . . moot[] to argue this point as to Parole Eligibility and

---

Petitioner bears the "heavy burden" of demonstrating both unreasonable performance of the counsel and prejudice. *United States v. Gaskin*, 364 F.3d 438, 461 (2d Cir. 2004).  As mentioned, Petitioner has failed to carry this burden.

Early Release" because his sentencing judgment was "clearly void" due to the Government and the Court's violation of the extradition agreement. (Objections 6.) As I have mentioned, neither the Government nor Judge Forrest violated the extradition agreement, and, in any event, Petitioner has no standing to challenge his sentencing based on that ground. Accordingly, this argument fails.

Petitioner finally objects to Judge Aaron's finding that this Court has subject matter jurisdiction over his criminal case. (Objections 7.) Petitioner appears to argue that this Court lacks jurisdiction because under 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States," and that this Court is a "United States District Court," not a "district court[] of the United States." This argument is completely meritless. A United States District Court is a district court of the United States. This Court clearly has jurisdiction over Petitioner's criminal case, where he was charged with and pleaded guilty to violating the laws of the United States. *See Suarez*, 791 F.3d 363; (*see also* Docket No. 11-cr-836 Docs 3 & 63). Therefore, I find Judge Aaron's conclusion to be correct, even under de novo review.

## IV.    Conclusion

For the reasons above, Petitioner's motion for reconsideration is DENIED. The Clerk is directed to mail a copy of this order to the pro se Petitioner and close the case.

SO ORDERED.

Dated: April 11, 2022
      New York, New York

                                          Vernon S. Broderick
                                          United States District Judge